1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   SHAWN A. TOLIVER, SB# 148349
2     E-Mail: Shawn.Toliver@lewisbrisbois.com
   NORA M. NACHTSHEIM, SB# 221618
3     E-Mail: Nora.Nachtsheim@lewisbrisbois.com
   ANDREW FOSTER SHI, SB# 278884
4     E-Mail: Andrew.Shi@lewisbrisbois.com
   333 Bush Street, Suite 1100
5  San Francisco, California 94104-2872
   Telephone: 415.362.2580; Facsimile: 415.434.0882
6
   Attorneys for Defendant,
7  BROOKSTONE STORES, INC.

8                   UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11  MICHAEL TOMCIK, CONNIE TOMCIK, | CASE NO. |
| 12           Plaintiffs, | **DEFENDANT BROOKSTONE STORES, INC.'S NOTICE OF REMOVAL OF ACTION; AND DEMAND FOR JURY TRIAL** |
| 13       vs. | |
| 14  BROOKSTONE STORES, INC.; DOES 1-50 inclusive, | **[28 U.S.C. §§ 1332, 1441, AND 1446]** |
| 15           Defendants. | **DEMAND FOR JURY TRIAL** |
| 16 | |

17       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
18  NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:
19       **PLEASE TAKE NOTICE** that Defendant BROOKSTONE STORES, INC. (hereinafter
20  referred to as "BROOKSTONE") by and through its counsel of record, hereby removes the above-
21  captioned action from the Superior Court of the State of California, in and for the County of San
22  Francisco, to the United States District Court, Northern District of California, for the reasons
23  described below:
24       1.    BROOKSTONE is a named Defendant in a civil action pending against it in the
25  Superior Court of the State of California, in and for the County of San Francisco, entitled *Michael*
26  *Tomcik, Connie Tomcik v. Brookstone Stores, Inc.; Does 1-50 inclusive*, Case No. CGC-15-
27  549451. A copy of Plaintiffs' Complaint is attached hereto as ***Exhibit A***.
28  ///

4820-9240-7084.1                         1
DEFENDANT BROOKSTONE STORES, INC.'S NOTICE OF REMOVAL OF ACTION;
AND DEMAND FOR JURY TRIAL

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

2. On January 5, 2016, BROOKSTONE timely signed and served a Notice and Acknowledgement of Receipt of Plaintiffs' First Amended Complaint and Summons, a true and correct copy of which is attached hereto as **Exhibit B**. Pursuant to California Code of Civil Procedure § 415.30(c), service of the Summons is deemed complete on January 5, 2016. This Notice of Removal is filed within thirty (30) days thereafter, and is timely filed under 28 U.S.C. § 1446(b). (See also *Rosset v. Hunter Eng'g Co.*, No. C 14-01701 LB, 2014 U.S. Dist. LEXIS 97441, at *12-18 (N.D.Cal July 17, 2014.)

3. Following the filing of this Notice of Removal of Action, written notice of this filing will be served on all adverse parties and will be filed with the Clerk of the Superior Court of the County of San Francisco, in accordance with 28 U.S.C. § 1446(d).

## JURISDICTION

4. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by BROOKSTONE pursuant to the provisions of 28 U.S.C. § 1441(a)-(b) because this is a case that could have been commenced in federal court based on complete diversity of citizenship.

5. Plaintiffs' Complaint states Plaintiffs are both residents of California.

6. Both at the time that this action was commenced and at this time, BROOKSTONE was and is incorporated in New Hampshire and has its principal place of business in New Hampshire.

7. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

8. Based on the allegations contained in Plaintiff's Complaint, the amount in controversy exceeds the jurisdictional threshold and is in excess of $75,000.

9. WHEREFORE, the undersigned requests that the action described above be removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. § 1441, *et seq.*

///
///

## VENUE

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 84, 1390, 1391 and 1446. The original state court case in which Plaintiffs filed their Complaint was venued in the Superior Court of the State of California, in and for the County of San Francisco. Additionally, Plaintiff alleges in his Complaint that he suffered injuries from his use of a product allegedly manufactured by BROOKSTONE while at his office (See Plaintiffs' Complaint, attached hereto as *Exhibit A*, at ¶ 9.), which on information and belief, is located in Contra Costa, County, within the Northern District of California. Thus, venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1390(c) because the original state court case in which Plaintiffs filed their Complaint is within the Northern District of California, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of California.

## INTRA-DISTRICT ASSIGNMENT

11. Plaintiff alleges in his Complaint that he suffered injuries from his use of a product allegedly manufactured by BROOKSTONE while at his office (See Plaintiffs' Complaint, attached hereto as *Exhibit A*, at ¶ 9.), which on information and belief, is located in Contra Costa, County. Thus, venue in the San Francisco and Oakland Division of the District Court is proper under Civil L.R. 3-2(c) and (d) because the events giving rise to Plaintiff's purported injury are alleged to have occurred in Contra Costa County, California.

## DEMAND FOR JURY TRIAL

12. BROOKSTONE demands a jury trial of 12 jurors pursuant to FRCP Rules 38 and 48, and Civil L.R. 3.6.

DATED: February 3, 2016        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ Andrew Foster Shi
Shawn A. Toliver
Nora M. Nachtsheim
Andrew Foster Shi
Attorneys for Defendant BROOKSTONE STORES, INC.

# Exhibit A

NOTICE OF REMOVAL OF ACTION

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BROOKSTONE STORES, INC.; DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL TOMCIK, CONNIE TOMCIK

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Francisco Superior Court
*(El nombre y dirección de la corte es):*
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC 15-549451

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles C. Kelly, II, Hersh & Hersh, 601 Van Ness Ave., Suite 2080, San Francisco, CA 94102; 415-441-5544

DATE: DEC 1 6 2015          CLERK OF THE COURT          Clerk, by GARY FELICIANO , Deputy
*(Fecha)*                                                *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

NANCY HERSH, State Bar No. 49091
CHARLES KELLY, State Bar No. 122253
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6316
(415) 441-5544

Attorneys for Plaintiffs MICHAEL TOMCIK, CONNIE TOMCIK

**F I L E D**
Superior Court of California
County of San Francisco

DEC 1 6 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MICHAEL TOMCIK, CONNIE TOMCIK,<br><br>Plaintiffs,<br><br>vs.<br><br>BROOKSTONE STORES, INC.; DOES 1-50 inclusive,<br><br>Defendants. | CASE NUMBER 15-549451<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1) **Products Liability-Consumer Expectation;**<br>2) **Products Liability-Failure to Warn;**<br>3) **Implied Warranty of Merchanbility;**<br>4) **Implied Warranty of Fitness for a Particular Purpose;**<br>5) **Loss Of Consortium** |

Come now Plaintiffs MICHAEL TOMCIK and CONNIE TOMCIK and plead and allege as follows:

### PARTIES

1   At all times relevant herein, Plaintiffs MICHAEL TOMCIK and CONNIE TOMCIK, husband and wife, are residents of the State of California. Plaintiff MICHAEL TOMCIK is a physician licensed to practice medicine in the State of California, and practices dematology from his private medical office.

- 1 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

2.  At all tines relevant herein, Defendant BROOKSTONE STORES, INC., ("BROOKSTONE") is a New Hampshire Corporation with its corporate headquarters in Merrimack, New Hampshire. Defendant Brookstone does not have a principal place of business in California.

3.  Plaintiffs do not know the true names of the defendants sued herein at Does 1-50, inclusive. Plaintiffs allege that each of the fictitiously named defendants is responsible in some manner for the occurrence alleged herein, and caused the injuries and damages sustained by plaintiffs, as alleged herein.

4.  At all times mentioned herein, each of the Defendants was the agent and employee of every other Defendant in doing the acts herein alleged, and was, at all times, acting within the purpose and scope of said agency and employment.

## FACTS

5.  Defendant BROOKSTONE and Does 1-50 design, test, manufacture, market, promote, sell, distribute, and license for design, manufacture, sale, marketing, promotion and distribution the Brookstone® MAX 2 Dual Node Massager As such, defendant BROOKSTONE and Does 1-50 play an integral part in the enterprise that places the Brookstone® MAX 2 Dual Node Massager into the stream of commerce.

6.  On or about June 3, 2014, Plaintiff MICHAEL TOMCIK purchased the Brookstone® MAX 2 Dual Node Massager through Amazon.com. Plaintiff is informed and believes and thereon alleges that it was in substantially the same condition as it was when it left the possession of Defendants.

7.  On or about June 8, 2014, Plaintiff MICHAEL TOMCIK unboxed the Brookstone® MAX 2 Dual Node Massager, read the accompanying written materials, and proceeded to use it for the first time as instructed on his back, shoulders, and neck.

8.  Immediately after use, Plaintiff experienced tingling on his right side, especially in his hands and feet, a dull headache and some dizziness. Plaintiff attemped to

- 2 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

walk to bed but became dizzy again and laid down on the floor until he was able to get up and walk to bed.

9. At his medical office, the following day, Plaintiff's headache persisted, and patients and staff remarked that he was repeating himself. Plaintiff also felt extremely fatigued. This trend continued until June 13th, when Plaintiff noticed that his vision in his right eye was compromised.

10. Plaintiff sought a neurological consultation on June 13, 2014, and was thereafter admitted to Stanford Hospital stroke unit with a diagnosis of memory loss, vision changes, and cerebral infarction. Plaintiff had suffered a stroke secondary to traumtic mechanical injury caused by the Brookstone® MAX 2 Dual Node Massager.

11. Defendants BROOKSTONE and Does 1-50 knew or should have known of the risk of stroke associated with the use of its Brookstone Max 2 Dual Node Massager as such risk is discussed in medical literature, but neither warned consumers and users of the risks of using the Brookstone® MAX 2 Dual Node Massager, including but not limited to, the risk of stroke, nor did Defendants adequately and properly instruct users in the safe use of the Brookstone® MAX 2 Dual Node Massager.

12. As a result of the stroke, Plaintiff MICHAEL TOMCIK has lost his ability to practice medicine because he suffered and continues to suffer physical and emotional injuries. Plaintiff has incurred and will continue to incur medical expenses, loss of income, loss of business opporutunity, loss of household services and general damages. Plaintiff CONNIE TOMCIK has suffered and will continue to suffer loss of consortium damages.

## FIRST CAUSE OF ACTION

### (PRODUCTS LIABILITY-CONSUMER EXPECTATION)

#### (Against all Defendants)

13. Plaintiffs re-allege and incorporate by this reference paragraphs 1-12 herein.

14. Defendants and each of them, manufactured, designed, promoted, distributed, marketed and sold and licensed for manufacture, design, sale, promotion,

marketing, distribution and sale and/or otherwise participated in placing in the stream of commerce the Brookstone® MAX 2 Dual Node Massager.

15. At the time of Plaintiff's use, the Brookstone® MAX 2 Dual Node Massager was in substantially the same condition as when it left Defendants' and/or Defendants' agents' possession.

16. The Brookstone® MAX 2 Dual Node Massager did not perform as safely as an ordinary consumer would have expected at the time of use as it harmed Plaintiff MICHAEL TOMCIK when he used it as intended and instructed.

17. The Brookstone® MAX 2 Dual Node Massager was used in a way that was reasonably foreseeable to Defendants.

18. Plaintiff MICHAEL TOMCIK was harmed and the Brookstone® MAX 2 Dual Node Massager was a substantial factor in causing his harm.

Wherefore, Plaintiffs pray as follows below:

## SECOND CAUSE OF ACTION
## (PRODUCTS LIABILITY-FAILURE TO WARN)
### (Against all Defendants)

19. Plaintiffs re-allege and incorporate by this reference paragraphs 1-18 herein.

20. Defendants and each of them, manufactured, designed, promoted, distributed, marketed, and sold and licensed for manufacture, design, marketing, distribution, promotion and sale the Brookstone® MAX 2 Dual Node Massager.

21. The Brookstone® MAX 2 Dual Node Massager had potential risks and hazards that were known or scientifically knowable to defendants, and each of them, at the time of its design, manufacture, distribution, promotion, marketing, and sale and/or licensing for design, manufacture, marketing, distribution, promotion and sale.

22. The Brookstone® MAX 2 Dual Node Massager was used in a way that was reasonably foreseeable to Defendants.

- 4 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

23. These risks and hazards presented a substantial danger to users and an ordinary consumer would not have recognized these potential risks and hazards.

24. These Defendants, and each of them, failed to adequately warn of the potential risks and hazards.

25. Plaintiff MICHAEL TOMCIK was harmed and the Brookstone® MAX 2 Dual Node Massager was a substantial factor in causing Plaintiff's harm.

26. Defendants' failure to warn was done with malice as its conduct was despicable and done with a wilful and concious disregard of the safety of consumers entitling Plaintiffs to an award of exemplary damages pursuant to CC 3294.

27. Defendants' concealment of the known and knowable risks and hazards was fraudulent as they concealed these risks and dangers with the intention and purpose of selling the Brookstone® MAX 2 Dual Node Massager knowing that it could cause injury and damage to users entitling Plantiffs to an award of exemplary damages pursuant to CC 3294.

Wherefore Plaintiffs pray as follows below:

## THIRD CAUSE OF ACTION
## (IMPLIED WARRANTY OF MERCHANTABILITY)
### (Against all Defendants)

28. Plaintiffs re-allege and incorporate by this reference paragraphs 1-25 herein.

29. Plaintiff purchased the Brookstone® MAX 2 Dual Node Massager from Defendants.

30. At the time of the purchase of the Brookstone® MAX 2 Dual Node Massager, Defendants, and each of them, were in the business of selling home massage tools, including the Brookstone® MAX 2 Dual Node Massager, and had held themselves out as having special knowledge regarding these types of goods.

31. The Brookstone® MAX 2 Dual Node Massager was not fit for the ordinary purposes for which such goods are used and was not the same quality as those goods generally acceptable in the trade.

32. Plaintiffs were harmed by the failure of the Brookstone® MAX 2 Dual Node Massager to have the expected quality in that it had a fatal defect that caused Plaintiff's injuries.

Wherefore, Plaintiffs pray as follows below:

## FOURTH CAUSE OF ACTION
## (IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)
### (Against all Defendants)

33. Plaintiffs re-allege and incorporate by this reference paragraphs 1-32 herein.

34. Plaintiff purchased the Brookstone® MAX 2 Dual Node Massager from Defendants.

35. At the time of purchase, Defendants knew or had reason to know that Plaintiff MICHAEL TOMCIK intended to use the product for a particular purpose.

36. At the time of the purchase, Defendants knew or had reason to know that Plaintiff MICHAEL TOMCIK was relying on Defendants' skills and judgment to furnish a product that was suitable for the particular purpose.

37. Plaintiff MICHAEL TOMCIK was harmed by the Brookstone® MAX 2 Dual Node Massager because of the product's failure to be suitable for the particular purpose for which he purchased it. The failure of the product to be suitable was a substantial factor in causing Plaintiff's harm.

Wherefore, Plaintiffs pray as follow below:

///
///
///

- 6 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FIFTH CAUSE OF ACTION

## (LOSS OF CONSORTIUM)

### (Against all Defendants)

38. Plaintiffs re-allege and incorporate by this reference paragraphs 1-37 herein..

39. Defendants' acts and ommisions alleged herein caused injuries and damages to Plaintiff MICHAEL TOMCIK and derivatively to Plaintiff CONNIE TOMCIK, who suffered loss of consortium as a consequence thereof resulting in loss of the care, comfort, society and services of Plaintiff MICHAEL TOMACIK to his general damages, according to proof.

## PRAYER

Wherefore, Plaintiff Michael Tomcik prays as follows:

1. General and Special Damages in an amount sufficient to compensate Plaintiffs according to proof at trial;

2. Exemplary damages in an amount sufficient to punish and deter Defendants.

3.. Interest on the judgment at the legal rate;

4. Costs of suit;

5. All other relief that the court deems just and proper.

Wherefore, Plaintiff Connie Tomcik prays as follows:

1. Loss of consortoim damages

2. General and Special Damages in an amount sufficient to compensate Plaintiffs according to proof at trial;

2. Exemplary damages in an amount sufficient to punish and deter Defendants.

3.. Interest on the judgment at the legal rate;

4. Costs of suit;

///

- 7 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

5. All other relief that the court deems just and proper.

DATED: December 15, 2015

        HERSH & HERSH
        A Professional Corporation

        By _____
        Charles C. Kelly, II
        Attorneys for Plaintiffs

- 8 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Charles C. Kelly, II (SBN 122253)<br>Hersh & Hersh, A Professional Corporation<br>601 Van Ness Avenue, Suite 2080<br>San Francisco, CA 94102<br>TELEPHONE NO.: 415-441-5544   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiffs Michael Tomcik, Connie Tomcik | FOR COURT USE ONLY<br><br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>DEC 1 6 2015<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| CASE NAME:<br>Michael Tomcik v. Brookstone Stores, Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-15-549451 |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount          (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☑ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* 5; Products liability-consumer expectation; products liability-failure to warn
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 5, 2015

Charles C. Kelly, II
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# Exhibit B

NOTICE OF REMOVAL OF ACTION

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Fax: 415.434.0882
www.lewisbrisbois.com

**NORA M. NACHTSHEIM**
DIRECT DIAL: 415.438.5934
NORA.NACHTSHEIM@LEWISBRISBOIS.COM

January 5, 2016

**VIA U.S. MAIL**

Charles Kelly
HERSH & HERSH
601 Van Ness Avenue, Suite 2080
San Francisco, California 94102

    Re:   <u>Michael Tomcik, et al. v. Broostone Stores, Inc., et al</u>.
           San Francisco County Superior Court, Case No. CGC-15-549451

Dear Mr. Kelly:

On behalf of Brookstone, enclosed please find the executed Notice and Acknowledgment of Receipt-Civil.

Please do not hesitate to contact our offices with any questions you may have.

                                        Very truly yours,

                                        Nora M. Nachtsheim of
                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

NMN:ls
Enclosure

ALBUQUERQUE • ATLANTA • BOSTON • CHARLESTON • CHICAGO • CLEVELAND • DALLAS • DENVER • FORT LAUDERDALE • FT. WRIGHT • HOUSTON • INDIAN WELLS
LAFAYETTE • LAWRENCE • LAS VEGAS • LOS ANGELES • MADISON COUNTY • NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHILADELPHIA • PHOENIX
PITTSBURGH • PORTLAND • PROVIDENCE • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON • WICHITA
4815-6262-5068.2

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Charles C. Kelly, II (SBN 122253)<br>Hersh & Hersh, A Professional Corporation<br>601 Van Ness Avenue, Suite 2080<br>San Francisco, CA 94102<br>TELEPHONE NO.: 415-441-5544   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs Michael Tomcik, Connie Tomcik | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: MICHAEL TOMCIK, CONNIE TOMCIK

DEFENDANT/RESPONDENT: BROOKSTONE STORES, INC.; DOES 1-50, inclusive

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: CGC-15-549451

TO (insert name of party being served): Brookstone Stores, Inc., c/o Corporation Service Company, dba in California as CSC - Lawyers Incorporating Service

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 16, 2015

Charles C. Kelly, II
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
    Civil Case Cover Sheet; Notice to Plaintiff; Mediation Services flyer, Early Settlement Program flyer; Alternative Dispute Resolution Program packet of materials

(To be completed by recipient):

Date this form is signed: 1/5/16

Nora Nachtsheim for Brookstone
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Attorney

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov